**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001309**
**29-JAN-2016**
**08:02 AM**

NO. CAAP-14-00001309

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, NATIONAL ASSOCIATION,
not in its individual or banking capacity, but solely
as trustee for SRMOF 2009-1-Trust,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
DEAN KRAKAUER, ROBBIN KRAKAUER aka ROBBIN KATHLEEN KRAKAUER,
Defendants/Counterclaim-Plaintiffs/Appellants,
and
MORTGAGE ENTERPRISE INVESTMENTS; BRIAN ACKLEY SMITH,
Trustee; LEILANI COMMUNITY ASSOCIATION; JOHN DOES 1-50;
JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-0638)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendants/Counterclaim-Plaintiffs/Appellants Dean
Krakauer and Robbin Krakauer, aka Robbin Kathleen Krakauer
(together, **Krakauers**) appeal from the (1) "Order Granting
Commissioner's Motion for Instructions And To Waive Open House"
(**Order Granting Motion for Instructions**)[1] and (2) "Order Denying

---

[1] On appeal, the Krakauers did not raise any arguments that pertained to the circuit court's Order Granting Motion for Instructions. Moreover, we do not have appellate jurisdiction to review this order on appeal. Hawaii Revised Statutes (**HRS**) § 667-51(a) (Supp. 2015) authorizes appeals from three different types of judgments in a foreclosure action.

§ 667-51 Appeals. (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be

(continued...)

[the Krakauers'] Rule 60(b) Motion For Relief From Judgment; For Evidentiary Hearing; For Leave To File Responsive Pleading; And For Stay Pending Hearing On Rule 60(b) Motion' Filed August 5, 2014" (**Order Denying Rule 60(b) Motion for Relief**), both entered on October 20, 2014, in the Circuit Court of the Third Circuit[2] (**circuit court**).

---

[1](...continued)
taken, the following orders entered in a foreclosure case shall be final and appealable:

    (1)    A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;

    (2)    A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and

    (3)    A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

    (b) An appeal shall be taken in the manner and within the time provided by the rules of court.

(Emphases added.)

    HRS § 667-51(a)(1) authorized an appeal from the circuit court's June 5, 2014 Judgment, which granted summary judgment and a decree of foreclosure in favor for Wells Fargo, but the Krakauers did not appeal from the Judgment.

    The next proceeding in this case involved the sale of the foreclosed property. The circuit court's October 20, 2014 Order Granting Motion for Instructions merely waived the requirement that the foreclosure commissioner conduct open houses for public viewing of the foreclosed property. A sale proceeding does not end until the circuit court formally confirms the sale of the foreclosed property and enters a corresponding judgment, which then will be appealable pursuant to HRS § 667-51(a)(2). Because the circuit court's Order Granting Motion for Instructions did not finally determine and, thus, end the proceedings for the sale of the foreclosed property, the circuit court's Order Granting Motion for Instructions is not appealable. See Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) ("A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." (citing Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937-38 (1986))).

    2    The Honorable Greg K. Nakamura presided.

On appeal, the Krakauers argue that the circuit court erred when it (1) held that Plaintiff/Counterclaim-Defendant/Appellee Wells Fargo Bank, National Association, not in its individual or banking capacity, but solely as Trustee for SRMOF 2009-1 Trust (**Wells Fargo**) "did not need to prove standing as the real party in interest and that it could, therefore, judicially foreclose on the subject property" and (2) denied the "[Krakauers' Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)] Motion For Relief From Judgment; For Evidentiary Hearing; For Leave To File Responsive Pleading; And For Stay Pending Hearing On Rule 60(b) Motion" (**Rule 60(b) Motion for Relief**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Krakauers' appeal is without merit.

The Krakauers raise several arguments in their briefs on appeal that challenge the circuit court's grant of summary judgment.[3] The Krakauers, however, did not appeal the circuit court's June 5, 2014 Judgment granting summary judgment and a decree of foreclosure in favor of Wells Fargo. Instead, the Krakauers appealed the circuit court's Order Denying Rule 60(b) Motion for Relief. Our review is therefore limited to the issue of whether the circuit court abused its discretion when it denied the Krakauers' Rule 60(b) Motion for Relief. See Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (holding that when a party appeals from a single order, "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order"); see also Riethbrock v. Lange, 128 Hawai'i 1, 17, 282 P.3d 543,

---

[3] The Krakauers' opening brief argues that (1) the circuit court erred when it held that there was "no genuine issue of material fact as to whether [Wells Fargo] had standing to foreclose" and (2) the documents that Wells Fargo used to support its "Motion for Summary Judgment as Against All Defendants and For Interlocutory Decree of Foreclosure" filed March 11, 2014, "failed to comply with HRCP Rule 56."

559 (2012) (upholding the holding in Cook regarding preliminary rulings).

HRCP Rule 60(b) provides, in relevant part:

**Rule 60. RELIEF FROM JUDGMENT OR ORDER.**

. . . .

**(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void[.]

The Krakauers argued in their Rule 60(b) Motion for Relief that the Judgment was obtained by fraud and was, therefore, void. Specifically, their Rule 60(b) Motion for Relief contended that Wells Fargo did not have standing to seek foreclosure because "it fraudulently manufactured its Assignment of Mortgage . . . in contravention on [sic] the terms of Pooling and Servicing Agreement . . . to deceive [the Krakauers] and this Honorable Court as to the facts of the matter asserted."

This court has previously held that "borrowers do not have standing to challenge the validity of an assignment of [their] loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose." U.S. Bank Nat'l Ass'n v. Salvacion, 134 Hawai'i 170, 175, 338 P.3d 1185, 1190 (App. 2014). "Hawai'i courts may recognize exceptions when a challenge would deem the assignment void, not voidable[;]" however, "non-compliance with the terms of a governing document does not render the assignment void[.]" Id. at 175-76, 338 P.3d at 1190-91. The Krakauers failed to demonstrate that the Judgment was void or that Wells Fargo committed fraud. The circuit court, therefore, did not abuse its discretion in denying the Krakauers' Rule 60(b) Motion for Relief. See Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002) ("The circuit court's disposition of an HRCP Rule 60(b) motion is reviewed for abuse of discretion.").

Therefore,

4

IT IS HEREBY ORDERED that the (1) October 20, 2014 "Order Granting Commissioner's Motion for Instructions and to Waive Open House" and (2) October 20, 2014 "Order Denying 'Defendants Krakauers' Rule 60(b) Motion for Relief from Judgment; for Evidentiary Hearing; for Leave to File Responsive Pleading; and for Stay Pending Hearing on Rule 60(b) Motion' Filed August 5, 2014," both entered in the Circuit Court of the Third Circuit, are affirmed.

DATED: Honolulu, Hawai'i, January 29, 2016.

On the briefs:

Melodie Aduja
(Aduja & Aduja)
for Defendants/Counterclaim-
Plaintiffs/Appellants.

Marvin S.C. Dang
Jason M. Oliver
(Law Offices of Marvin
S.C. Dang)
for Plaintiff/Counterclaim-
Defendant/Appellee.

Presiding Judge

Associate Judge

Associate Judge

5